IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 17-0254-WS |
| | ) |
| RUSSELL CURTIS ODOM, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

The defendant has filed a one-page document that the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 29). That provision requires the defendant first to submit a request to his warden for the Bureau of Prisons to bring such a motion on his behalf. The defendant does not assert that he has complied with this requirement or that he is excused from doing so. The Court provided the defendant an entire month to remedy this defect, (Doc. 31), but he has not done so.

Relief under Section 3582(c)(1)(A)(i) requires the existence of "extraordinary and compelling reasons." The Sentencing Commission, pursuant to a congressional grant of authority, 28 U.S.C. § 994(t), has identified what constitutes an extraordinary and compelling reason. U.S.S.G. 1B1.13. The defendant appears to invoke application note 1(A)(ii), which requires the defendant to show either a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health due to the aging process. Whichever of these three alternatives the defendant invokes, he must also show that he is not expected to recover from it and that it substantially diminishes his ability to provide self-care in a prison environment. *Id*. application note 1(A)(ii). The defendant has offered no evidence of his asserted conditions or their effect on his ability to care for himself within a correctional facility.

The government has submitted the defendant's medical records, (Doc. 33),[1] and the Court finds no indication of any such substantial diminishment.

In addition to his asserted medical conditions, the defendant says he has tested positive for COVID-19.  The defendant's medical records reflect that he tested positive on or about May 2, 2020 and was placed on oxygen and in isolation for two weeks.  For most of that time, the defendant denied any symptoms other than shortness of breath, which he reported as no worse than his baseline, COPD condition.  (Doc. 33 at 1-31).  The defendant has not explained how this evidence could support the existence of an extraordinary and compelling reason for release, even were the Court empowered to craft reasons beyond those established by the Sentencing Commission.

Finally, in order to obtain relief under Section 3582(c)(1)(A), the Court must also conclude the defendant is not a danger to the safety of any person or to the community, utilizing the factors found at 18 U.S.C. § 3142(g).  U.S.S.G. 1B1.13(2).  The statute also requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  The defendant, despite the Court's direction to do so, has addressed none of these matters.

For the reasons set forth above, the defendant's motion for compassionate release is **denied**, without prejudice to his ability to seek such relief upon a proper showing.

DONE and ORDERED this 17th day of July, 2020.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

[1] The government's motion for leave to file these records under seal, (Doc. 32), is **granted**.