IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 17-0254-WS |
| | ) |
| **RUSSELL CURTIS ODOM,** | ) |
| | ) |
| **Defendant.** | ) |

ORDER

This matter is before the Court on the defendant's motion for compassionate release. (Doc. 35). The government has filed a brief in opposition, (Doc 37), along with the defendant's medical records. (Docs. 33, 39).[1] After careful consideration, the Court concludes that the motion is due to be granted.

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A).

Relief under this provision, known as "compassionate release," thus contemplates satisfaction of four elements: (1) a proper motion; (2) a finding that extraordinary and compelling reasons for such relief exist; (3) a finding of consistency with Sentencing Commission policy statements; and (4) consideration of the Section 3553(a) factors. The government explicitly "agrees" that the first two elements are satisfied. (Doc. 37 at 1, 9, 10-11,

---

[1] The government's motion for leave to file these records under seal, (Doc. 38), is **granted**.

12).  Instead, the government presents a *pro forma* argument that the final two elements are not satisfied.  (*Id*. at 1, 9, 12-13).

### I.  Exhaustion.

Section 3582(c)(1)(A) permits a motion for compassionate release to be brought either by the Bureau of Prisons ("BOP") or by the defendant.  In this case, as in most, the motion is brought by the defendant.  The statute permits the defendant to file such a motion in either of two situations:  (1) after exhausting all administrative remedies to appeal the BOP's failure to bring such a motion on his behalf; or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  The defendant relies on the latter of these options and attaches the document he submitted to the warden in June 2020.  (Doc. 35 at 5).  As noted, the government concedes that the defendant satisfied the "request" requirement and that his motion "is properly before the Court."  (Doc. 37 at 1).  The Court concurs.

### II.  Eligibility.

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t).  The Sentencing Commission has done so.  U.S.S.G. 1B1.13.  The government concedes that the defendant has presented extraordinary and compelling reasons for relief under Section 3582(c)(1)(A) as described by the Sentencing Commission.  (Doc. 37 at 10-11).  The Court finds that extraordinary and compelling reasons warrant a reduction in sentence, which reduction is consistent with applicable policy statements issued by the Sentencing Commission.

### III.  Public Safety.

The Sentencing Commission's policy statement includes the requirement that "the court determin[e] that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  The government asserts that the defendant must be a danger to the safety of the community because he "has a long history of controlled-substance-abuse offenses," culminating in the instant offense (involving 11.2 grams of methamphetamine).  (Doc. 37 at 12).  Over a period of 25 years, the defendant

amassed five such offenses under state law – all involving personal use or possession (not distribution) and resulting in only one criminal point for purposes of sentencing.  (Doc. 22 at 6-9).  The Court has evaluated the Section 3142(g) factors in light of the record and concludes the defendant is not a danger to the safety of any other person or to the community.

### IV.  Section 3553(a).

The Court has considered the Section 3553(a) factors in light of the record, including the nature and circumstances of the offense and the history and characteristics of the defendant, and concludes that the time the defendant has served is sufficient, but not greater than necessary, to satisfy the purposes set forth in Section 3553(a).  The government's perfunctory argument to the contrary, (Doc. 37 at 12-13), has been considered and rejected.

### CONCLUSION

For the reasons set forth above, the defendant's motion for compassionate release is **granted**.  The defendant's previously imposed sentence of 60 months is reduced to **time served**, subject to the following provisions:

1. This Order is **stayed** for up to 14 days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release.  The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than 14 days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended;
2. The defendant must provide the complete address where he will reside upon release to the Probation Office in the district where he will be released because it was not included in the motion for compassionate release; and
3. The defendant's previously imposed terms and conditions of supervised release are unchanged.

DONE and ORDERED this 23rd day of October, 2020.

                                              s/ WILLIAM H. STEELE
                                              UNITED STATES DISTRICT JUDGE